# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

## CENTRAL DIVISION



FILED

AUG 2 9 2008

*****************************************************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 08-30036-CBK |
| | * | |
| Plaintiff, | * | |
| | * | REPORT AND RECOMMENDATION |
| -vs- | * | FOR DISPOSITION OF MOTION |
| | * | TO DISMISS INDICTMENT |
| ROBIN T. BERNER, | * | |
| | * | |
| Defendant. | * | |
| | * | |

*****************************************************************************************************

Defendant, Robin T. Berner, has filed a Motion to Dismiss the Indictment and a Memorandum in support thereof.  Docket Nos. 25, 26.  In his Motion, Defendant claims that the amount he owes in child support does not meet the threshold jurisdictional amount of $10,000 as required by 18 U.S.C. §228(a)(3).  He further claims that he cannot be reindicted for willfully failing to pay the same child support arrearages which he was required to make restitution for as part of his 1996 conviction for violating §228.  In doing so, Defendant contends that the Indictment subjects him to double jeopardy that is prohibited by the Fifth Amendment to the United States Constitution.

Plaintiff, United States of America (Government), has filed a Memorandum in opposition to Defendant's Motion, resisting the same.  Docket No. 27.  The Government argues that Defendant's Motion amounts to a collateral attack on the South Dakota state court orders entered against him and dating back to 1993, which, under established case law, he cannot do.  The Government also argues that Defendant's arrearage balance easily exceeds

the minimum statutory amount required to indict him for the felony child support offense he is now charged with.

Because Defendant's Motion is a dispositive one, this Court is only authorized to determine the same on a report and recommendation basis. Pursuant to 28 U.S.C. §636(b)(1), the Court does now make and propose the following report and recommendation for disposition of the Motion.

I.

Defendant was charged, by a federal Indictment filed on May 6, 2008, with the felony offense of failure to pay legal child support, in violation of §228(a)(3). The Indictment alleges that from August 1, 2002 to the present, Defendant, while residing in a different state than his minor child (I.D.B.), willfully and unlawfully failed to pay a past due support obligation, ordered by a South Dakota state court, and that the obligation has remained unpaid for a period of more than two years and is in an amount greater than $10,000.

The facts underlying the Indictment go back in time to June 2, 1993, when Defendant was ordered by a South Dakota state court to pay $284 per month in child support. On May 30, 1996, Defendant's obligation was reduced to $151 per month, after he filed a petition for modification of child support.

On May 10, 1996, Defendant was charged, as a misdemeanant, with failure to pay legal child support, in violation of §228. Defendant pled guilty to this charge, and on September 18, 1996, was placed on probation for five years and ordered to pay $10,224 in restitution for past due child support.

2

Approximately four years later, Defendant's marriage to Regina R. Berner, I.D.B.'s mother (Regina),was dissolved by a Missouri state court in a Judgment and Decree entered on August 17, 2000. The Judgment stated, in pertinent part, that "Neither party to receive child support."

Thereafter, on March 8, 2006, a South Dakota state court, acting upon a petition filed by Regina, modified Defendant's child support obligation upward to $412 per month. An affidavit of arrears, submitted by the South Dakota Office of Child Support Enforcement (OCSE), indicates that from November, 1996, after Defendant was sentenced in his federal criminal case, through April, 2008, he has an accrued balance of $15,661.59.

II.

The Deadbeat Parents' Punishment Act of 1998 ("DPPA")[1] criminalizes the willful failure to pay a child support obligation with respect to a child who lives in another state. §228(a). Under this statute, "Any person who [ ] willfully fails to pay a support obligation with respect to a child who resides in another State, if such obligation has remained unpaid . . . for a period longer than 2 years, or is greater than $10,000[,]" commits a felony. §228(a)(3). "Support obligation" is defined as "any amount determined under a court order or an order of an administrative process pursuant to the law of a State or of an Indian tribe to be due from a person for the support and maintenance of a child or of a child and the parent with whom the child is living." §228(f)(3).

---

[1]The DPPA superseded the Child Support Recovery Act of 1992 (CSRA). Because the operative language of the two Acts is substantively the same, cases interpreting and applying the CSRA are instructive and may be cited in DPPA cases. See United States v. Kerley, 416 F.3d 176, 178, n. 1 (2d. Cir. 2005); United States v. Bigford, 365 F.3d 859, 863, n.1 (10th Cir. 2004).

3

Although the Eighth Circuit has not yet considered the issue of collateral attacks on the validity of an underlying child support order in a §228 case, "[e]very circuit that has addressed the issue has stated that defendants in DPPA prosecutions cannot collaterally challenge the substantive merits of the underlying support order." Kerley, 416 F.3d at 178; see Bigford, 365 F.3d at 869; United States v. Molak, 276 F.3d 45, 50-51 (1st Cir. 2002); United States v. Faasse, 265 F.3d 475, 488, n. 11 (6th Cir. 2001) (en banc); United States v. Kramer, 225 F.3d 847, 851 (7th Cir. 2000); United States v. Brand, 163 F.3d 1268, 1275-76 (11th Cir. 1998); United States v. Bailey, 115 F.3d 1222, 1232 (5th Cir. 1997); United States v. Johnson, 114 F.3d 476, 482 (4th Cir.), cert. denied, 522 U.S. 904 (1997).[2] This District has likewise recognized and applied the same rule in a §228 case. See United States v. Hatcher, CR. 06-50113, Doc. No. 22 at 1-2 (D.S.D. June 13, 2007).

While the case law is clear with respect to merits-based collateral challenges in DPPA cases, the Seventh and Tenth Circuits have held that defendants charged with violating the DPPA can collaterally attack the personal jurisdiction of the court that issued the underlying support order. See Bigford, 365 F.3d at 873; Kramer, 225 F.3d at 857. While not deciding whether personal jurisdiction is ever a ground for attacking the support order that provides the basis for the DPPA prosecution, the Second Circuit has held that a defendant cannot collaterally challenge the subject matter jurisdiction of the state court that entered the order being used as the gravamen for the federal prosecution. Kerley, 416 F.3d at 177, 184.

---

[2]See also United States v. Edelkind, 523 F.3d 388, 398 (5th Cir.), petition for cert. filed, (July 14, 2008) (No. 08-5318); United States v. Kukafka, 478 F.3d 531, 538 n. 8(3rd Cir.), cert. denied, ____ U.S. ___, 128 S.Ct. 158 (2007).

4

One circuit, in passing on the validity of a defendant's conviction under the DPPA's predecessor, the CSRA, concluded that the defendant's collateral attack of the underlying state court order was not cognizable. Brand, 163 F.3d at 1275. According to the Brand Court, "[t]he language of the CSRA merely requires the existence of a 'past due support obligation.' The Act's terms do not require that such an obligation be 'valid.'" Id. The Supreme Court employed similar reasoning to this in holding that a defendant had no right to challenge the validity of his previous state conviction that was used to enhance his sentence under the Armed Career Criminal Act, 18 U.S.C. §924(e). Custis v. United States, 511 U.S. 485, 487, 491 (1994). The Court in Custis observed that the statute "focuses on the fact of the conviction and nothing suggests that the prior final conviction may be subject to collateral attack for potential constitutional errors [ ]." 511 U.S. at 490-91.

In the context of a Tenth Amendment constitutional challenge, the Eleventh Circuit opined that "the CRSA does not require federal courts to issue, modify or otherwise consider divorce, alimony and child custody or support decrees." United States v. Williams, 121 F.3d 615, 620 (11th Cir. 1997), cert. denied, 523 U.S. 1065 (1998); see also United States v. Black, 125 F.3d 454, 463 (7th Cir. 1997) ("the CRSA does not permit a federal court to revise the domestic relationship adjudicated by the State courts or to modify any part of a State court decree.") (internal quotation marks omitted), cert. denied, 523 U.S. 1130 (1998); United States v. Bongiorno, 106 F.3d 1027, 1033-34 (1st Cir. 1997) ("[T]he CRSA comes into play only after a state court issues a child support order, and it does not authorize a federal court to revise the underlying decree."); United States v. Sage, 92 F.3d 101, 107 (2d

Cir. 1996) (the CRSA "accepts the validity of the State court judgment and the family policies that [the] judgment embodies."), cert. denied, 519 U.S. 1099 (1997).

The Fifth Circuit, in Bailey, had this to say about prosecutions under the CRSA:

> A CRSA prosecution turns only on the defendant's violation of a state court order. It does not turn on the fairness of the order, the reasons underlying the state court's issuance of the order, the defendant's relationship with his children or former spouse, or any other matter involving relitigation of a family law issue. Moreover, there is no language in the CRSA allowing the federal court to look beyond the four corners of the state child support order or permitting the defendant to collaterally attack the state court order in federal court.

115 F.3d at 1232.

In the instant case, Defendant's challenge to the amount of child support owed amounts to a collateral attack on the South Dakota support orders. Based on the precedent already cited and discussed herein, Defendant's collateral challenge must fail. Defendant does not contest the state court's subject matter jurisdiction or its personal jurisdiction over him. Nor did he object to, seek clarification of or appeal the 1993, 1996 or 2006 orders at any time prior to being indicted on the current non-support charge. As such, Defendant is now barred from collaterally attacking these orders. Brand, 163 F.3d at 1276; see also Johnson, 114 F.3d at 482-83 (finding that a CRSA defendant could not use the Supreme Court's pronouncements in United States v. Mendoza-Lopez, 481 U.S. 828 (1987) to challenge the underlying support order where he failed to directly appeal or collaterally attack the order in state court).

Defendant contests the amount of past-due support owed, maintaining that the August, 2000 judgment entered in Missouri state court, in which no child support was ordered, served

to relieve him of the support obligations ordered by the South Dakota court in June, 1993 and May, 1996. Defendant, however, has neither pointed to nor produced any order, judgment or decree from a South Dakota court that terminated his June, 1993, May, 1996 and/or March, 2006 support obligations. Absent proof to the contrary, the support originally ordered in June, 1993, that was later twice modified, remained in full force and effect at the time Defendant was indicted in this case. Accordingly, Defendant is foreclosed from collaterally attacking the validity of the South Dakota orders and the amount of his outstanding arrearages. See Kerley, 416 F.3d at 180-81; Brand, 163 F.3d at 1275; Bailey, 115 F.3d at 1232.

Defendant also claims that the affidavit submitted by OCSE includes arrears that preceded his September, 1996 criminal judgment. He contends that prosecuting him for these arrears violates the Double Jeopardy Clause of the Fifth Amendment. Regardless of whether Defendant's pre-September, 1996 arrears were counted or not, the amount of arrears that the Government alleges has accrued since the judgment more than meets the amount needed to satisfy the requirements of §228(a)(3). The Government has provided an affidavit from OCSE that reflects $15,661.59 in arrearages are owed from November, 1996 through April, 2008. Thus, even assuming that the Government is precluded, under the Double Jeopardy Clause, from relying on the $10,224 for which Defendant was prosecuted in 1996, he still is alleged to owe well in excess of the $10,000 amount prescribed in §228(a)(3).

III.

In any event, the actual amount of Defendant's outstanding support obligation and whether this amount satisfies the requirements of §228(a)(3) are questions to be determined

7

at a trial on the merits. See United States v. Knox, 396 U.S. 77, 83 & n.7 (1969) (stating that evidentiary questions should be determined initially at trial and not on a motion to dismiss under Federal Rule of Criminal Procedure 12(b)(1)).

Under the Federal Rules, an Indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "[A]n indictment is [constitutionally] sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense . . . . It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" Hamling v. United States, 418 U.S. 87, 117 (1974) (quoting United States v. Carll, 105 U.S. 611 (1882)). "Indictments are normally sufficient unless no reasonable construction can be said to charge the offense." United States v. Nabors, 45 F.3d 238, 240 (8th Cir. 1995); United States v. Morris, 18 F.3d 562, 568 (8th Cir. 1994).    Because the Indictment here tracks the language of §228(a)(3) and is facially proper, the Government is entitled to present its evidence at trial and have the same tested by a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Such a motion is the proper avenue for contesting the sufficiency of the evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules. Stated another way, a district court cannot employ a kind of "criminal summary judgment procedure" to dismiss an indictment on the basis that

8

the Government's proffered evidence is insufficient to prove the acts alleged in the indictment.  See Nabors, 45 F.3d at 240 (8th Cir. 1995).  For this alternative reason, Defendant's Motion to Dismiss should be denied.

IV.

Based on the foregoing discussion and in accordance with §636(b)(1), the Court hereby recommends that Defendant's Motion to Dismiss, found at Docket No. 25, be denied in its entirety.

Dated this 29th day of August, 2008, at Pierre, South Dakota.

**BY THE COURT:**

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

**ATTEST:**
**JOSEPH HAAS, CLERK**
**BY:** _____
        **Deputy**
**(SEAL)**

**NOTICE**

**Failure to file written objections to the within and foregoing Report and Recommendation within ten (10) days from the date of service shall bar an aggrieved party from attacking the  Report and Recommendations before the assigned United States District Judge.  See 28 U.S.C. § 636(b)(1).**