

**FILED**

SEP 2 6 2008

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08-30036 |
| Plaintiff, | |
| | ORDER AND OPINION ADOPTING |
| -vs- | REPORT AND RECOMMENDATION |
| ROBIN T. BERNER, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant filed a motion, Doc. 25, to dismiss the indictment on the grounds that the amount he owes for child support since his 1996 conviction for failure to pay does not meet the threshold jurisdictional amount of $10,000 as required by 18 U.S.C. § 228(a)(3). The motion was referred to Magistrate Mark A. Moreno. The parties briefed the issues and Magistrate Moreno issued his report and recommendation, Doc. 28, recommending that the motion to dismiss be denied. The defendant filed objections, Doc. 29. The Court has conducted a *de novo* review of the record and briefs.

Pursuant to 18 U.S.C. § 228, anyone who willfully fails to pay a support obligation with respect to a child who resides in another State, is subject to punishment if the obligation is of a specified amount and remains unpaid for a specified period of time. 18 U.S.C. § 228(a) and (c).

> The Child Support Recovery Act of 1992, as amended by the Deadbeat Parents Punishment Act of 1998, Pub.L. No. 105-187, 112 Stat. 618 (1998) (hereinafter "the Deadbeat Parents Act," or "the Act"), makes it a federal crime to willfully fail to pay a child support obligation to a child in another state. The Act was intended by Congress to strengthen state efforts to enforce child support obligations against parents who flee across state lines. Specifically, the Act "addresses the growing problem of interstate enforcement of child support by punishing certain persons who intentionally fail to pay their child support obligations." *See* H.R.Rep. No. 102-771, at 4 (1992). *See generally United States v. Kramer*, 225 F.3d 847, 856 (7th Cir.2000) (discussing the legislative history of the Child Support Recovery Act). Congress intended its 1998 amendments to

> further enhance these efforts by making certain violations punishable as
> felonies. *See* 144 Cong. Rec. S5734-02 (1998) (statements of U.S.
> Senators discussing need for more serious punishment for failure to pay
> child support).

United States v. Kukafka, 478 F.3d 531, 534 (3rd Cir. 2007).

"Every circuit that has addressed the issue has stated that defendants in [Deadbeat Parents Act] prosecutions cannot collaterally challenge the substantive merits of the underlying support order." United States v. Kerley, 416 F.3d 176, 178 (2nd Cir. 2005). Prosecution under § 228 is based upon the defendant's violation of a state court order, not upon the validity of that order. *Id.* at 180.

Defendant's contention that he had no notice of the South Dakota support order amounts to a defense to the charge that he "willfully" failed to pay a past due child support obligation. *See* United Sates v. Kramer, 225 F.3d 847 (7th Cir. 2000). Such a defense is not jurisdictional. Federal court jurisdiction is established in a Deadbeat Parents Act case when the child and the obligated parent reside in separate states. *See* United States v. Monts, 311 F.3d 993, 997 (10th Cir. 2002) ("§ 228(a) contains a jurisdictional element establishing that the activity in question is interstate in nature by requiring as an essential element that the defendant reside in a different state than the child for whom support is owed"). Similarly, jurisdiction is established in most of our federal assault cases where the defendant is an Indian and the offense occurred in Indian country. *See* 18 U.S.C. § 1153. The amount of support past due is a substantive element of the offense in its felony form much like the $1,000 threshold in false claims cases under 18 U.S.C. § 288. The amount due is not jurisdictional.

That said, let me direct the parties' attention to SDCL Chapter 25-9B, the Uniform Interstate Family Support Act, and 28 U.S.C. § 1738B, the Full Faith and Credit For Child Support Orders Act. These Acts may come into play as to the amount due based upon defendant's allegation in his brief, Doc. 26, that the minor child lived with him beginning in August 1999, and the claim that the mother, who was presumably still living in South Dakota, consented to the child support provision in the 2000 divorce decree. If that were true, the Missouri state court may have had jurisdiction to enter the August 12, 2000, divorce decree stating that neither parent is to receive child support. Apparently the defendant did not file or

2

register a copy of the 2000 Missouri judgment in South Dakota since the South Dakota Office of Child Support Enforcement (an agency of the Department of Social Services, *see* SDCL 25-7A-1 et seq., hereinafter "the department") originally continued to record support as due and owing between 2000 and 2006. The department at some point abated child support due from August 1999 through October 2001, presumably based upon the authority set forth in SDCL 25-7-6.19 (child living with obligor more than four months).

Beginning in November 2001, the department began recording child support due based upon the approval of TANF (temporary assistance to needy families) benefits. Pursuant to SDCL 25-7A-2, public assistance to a dependent child is deemed a debt of the persons responsible for the support of the child. Pursuant to A.R.S.D. 67:18:01:32, in the absence of an established support obligation, any support payments collected are applied to reimburse the State for assistance paid. Defendant contends that he was not obligated to pay child support recorded by the department between November 2001 and March 2006. If that is true, any amount he paid during that time cannot be credited to him towards child support paid but instead towards reimbursement for TANF benefits. The amount paid during that time was $4,704.50, far less than the $6,040 the department recorded as due during that time period. None of those benefits would be credited toward past due child support under the defendant's theory that he owed no child support during that time period.

South Dakota modified its earlier support order as of March 2006, and one may presume that the child was, at that time, living again in South Dakota and South Dakota therefore had jurisdiction to do so. Defendant does not contend otherwise. Between March 2006 and May 2008 (the date of the current indictment), the defendant owed $10,300 in support payments. He paid $626 total during that time period.

The affidavit of arrearages shows that, between September 1996 and July 1999, the defendant accrued child support in the amount of $4681(none of which was included in the prior judgment of conviction in CR 96-30050). During that time period, he paid monthly either none of the support due, part of the support due, or more than the support due. Pursuant to SDCL 25-7A-44, the department apportions payments received first to current support due. I have reviewed the records between 1996 and 1999 (which records were submitted by the defendant in support of his motion to dismiss the indictment). During that time period the defendant paid

3

$1,948.95 towards current support (any extra paid on certain months being applied to the 1996 past due support judgment). The total accrued support since his 1996 judgment for failing to pay child support (excluding the time period 2000-2006 during which the defendant contends he was under no support order) clearly exceeds $10,000.

Now, therefore,

IT IS ORDERED:

1. The defendant's objections, Doc. 29, to the magistrate's report and recommendation are overruled.

2. The report and recommendation, Doc. 28, is adopted.

3. The motion, 25, to dismiss is denied.

Dated this 26th day of September, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY
DEPUTY
(SEAL)

4