# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBIN T. BERNER,<br><br>Defendant.<br><br>and<br><br>AUCTION EXCHANGE, INC, SACRAMENTO, CA, and its successors or assigns,<br><br>Garnishee. | 3:08-CR-30036-MAM<br><br><br>MEMORANDUM OPINION AND ORDER |

Robin Berner objects to the Government garnishing his wages to collect on the restitution portion of the criminal judgment entered against him for non-payment of child support. He seeks to have a hearing and to quash the continuing garnishment writ, claiming that the victim forgave, and thus satisfied, his restitution obligation. Because Berner is not entitled to a hearing and to have the writ quashed – on satisfaction or other grounds – his objections are overruled and the Government's summary dismissal motion is granted.

## BACKGROUND

Berner pled guilty to the misdemeanor (technically petty) offense of failing to pay legal child support[1] and was sentenced on February 26, 2009. As part of his sentence, he was ordered to pay restitution in the amount of $9,049.00 and do so in monthly installments. Although he has paid $4,360.00 toward his restitution obligation, he still owes $4,699.00.

When Berner stopped making payments, the Government sought permission to garnish his wages. The clerk issued a writ of continuing garnishment and notice of the garnishment. The Government then served these documents on Berner and his employer, Auction Exchange, Inc. Berner requested a hearing to quash the writ. He maintained in his request that his restitution arrears had already been satisfied. Apparently about seven months after the judgment was entered, the custodial parent, Regina Berner, a/k/a Regina LaPointe ("LaPointe"), wrote and asked that her state child support collection case be terminated and that back support be "erased." The State terminated its case and did not pursue any further enforcement action against Berner.

In response to Berner's hearing request and to quash the garnishment writ, the Government moved to dismiss. In its dismissal motion, the Government asserted that

---

[1] See 18 U.S.C. §319, 228(a)(1), (c)(1), 3581(b)(7).

Berner had no right to a hearing and that the unpaid restitution could not be waived or excused.

## DISCUSSION

### A. DPPA and Restitution

The Deadbeat Parents' Punishment Act of 1998 ("DPPA")[2] makes it a federal offense if a person "willfully fails to pay a support obligation with respect to a child who resides in another State, if such obligation has remained unpaid for a period longer than one year, or is greater than $5,000.00."[3] A "support obligation" includes "any amount determined under a court order . . . pursuant to the law of a State . . . to be due from a person for the support and maintenance of a child or of a child and the parent with whom the child is living."[4] It is undisputed that Berner violated the DPPA because he failed to pay his "support obligation."

If convicted of violating the DPPA for the first time, an individual faces imprisonment of up to six months and mandatory restitution.[5] The amount of restitution to be paid is "equal to the total unpaid support obligation as it exists at the

---

[2]See Pub. L. No. 105-187, 112 Stat. 618 (1998) (superseding the Child Support Recovery Act of 1992).

[3]18 U.S.C. §228(a)(1).

[4]Id. at §228(f)(3).

[5]See id. at §228(c)(1)(d).

3

time of sentencing."[6] Berner was ordered to pay $9,049.00 in restitution for unpaid support when he was sentenced.

Restitution orders under the DPPA are governed by the Mandatory Victims Restitution Act of 1996 ("MVRA")[7] and are triggered "[u]pon conviction."[8] The MVRA requires a court to order "that the defendant make restitution to the victim of the offense."[9] "Victim" is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered."[10]

The MVRA applies, by its own terms, to "an offense against property under [Title 18]."[11] Failure to pay child support, a Title 18 offense, "is most reasonably understood to be an 'offense against property.'"[12]

Indeed, the right to receive child support payments is considered a property right.[13] Berner's ex-wife, LaPointe, had a right to receive those payments on behalf of

---

[6]*Id.* at §228(d).

[7]*See* Pub. L. No. 104-132, 110 Stat. 1223 (1996).

[8]18 U.S.C. §228(d).

[9]18 U.S.C. §3663A(a)(1).

[10]*Id.* at §3663A(a)(2).

[11]*Id.* at §3663A(c)(1)(A)(ii).

[12]*United States v. Stephens*, 374 F.3d 867, 871 (9th Cir. 2004) (*quoting* the MVRA).

[13]*See id.; see also Hill v. Ibarra*, 954 F.2d 1516, 1524 (10th Cir. 1992) (holding that the mother of a child, who has a judgment requiring a father to pay child support, "clearly does have a state-created property right to current child support").

I.D.B. and she and the child both suffered a loss when Berner failed to make them. And for purposes of the MVRA, LaPointe may properly be characterized as the "owner" of the right to receive support payments.[14] To be sure, the failure to pay child support does not neatly fit within the meaning of "damage to or loss or destruction of property,"[15] "[T]he MVRA [nonetheless] includes within its scope failure to make such payments."[16]

By operation of South Dakota law,[17] LaPointe designated the South Dakota Department of Social Services, Office of Child Support Enforcement, to collect support payments due to her. This being the case, the State had the authority to receive restitution as her designee even though the State, itself, was not the "victim."[18]

## B. Garnishment

The Government is authorized to enforce MVRA restitution orders "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law."[19] Put differently, the Government may enforce any restitution order imposed as part of a criminal sentence by using its authority under the

---

[14] See Stephens, 374 F.3d at 871.

[15] 18 U.S.C. §3663A(b)(1).

[16] Stephens, 374 F.3d at 871.

[17] See SDCL Ch. 25-7A (collection of child support).

[18] See 18 U.S.C. §3663A(b)(1)(A); Stephens, 374 F.3d at 872.

[19] 18 U.S.C. §3613(a), (f); see also 18 U.S.C. §3664(m)(1)(A)(i) – (ii).

5

Federal Debt Collection Procedures Act of 1990 ("FDCPA"),[20] including the garnishment provisions thereof.[21]

The FDCPA requires the Government to issue notices when it commences garnishment proceedings.[22] Upon receipt of such a notice, the judgment debtor may request a hearing and move to quash enforcement of the writ.[23] The issues at such a hearing, however, are limited to the probable validity of any claim of exemption or default judgment and compliance with the statutory requirements for the issuance of the garnishment.[24] Although the FDCPA states that the Court "shall hold a hearing on such motion as soon as practicable,"[25] courts have denied a hearing where the debtor's objections were not based on any of the issues just mentioned, the objections were plainly without merit, or ones that were simply a matter of statutory interpretation.[26]

---

[20]*See* Pub. L. No. 101-647, 104 Stat. 4933 (1990).

[21]*See* 28 U.S.C. §3205.

[22]*See id.* at §3202(b).

[23]*See id.* at §3202(d).

[24]*See id.*

[25] *Id.*

[26]United States v. Furkin, No. 97-3351, 1998 WL 846873 at **3-4 (7th Cir. Nov. 24, 1998); United States v. Beebe, C18-78 TSZ, 2018 WL 571763 at *2 (W.D. Wash. Jan. 26, 2018); United States v. Dela Cruz, Case No. 17-mc-50236, 2017 WL 2060181 at **2-3 (E.D. Mich. May 11, 2017); United States v. Canfield, No. CR-01-00256-001-PHX-NVW, 2014 WL 6065769 at *3 (D. Ariz. Nov. 13, 2014); United States v. Latorre, Criminal No. 3:12-CR-438-D(01), 2014 WL 3530830 at *2 (N.D. Tex. July 16, 2014); United States v. Miller, 588 F.Supp.2d 789, 797 (W.D. Mich. 2008); United States v. Lawrence, 538 F.Supp.2d 1188,
(continued...)

Berner does not claim to have any property that is exempt[27] from the garnishment.[28] And because the garnishment springs from a plea bargained criminal judgment, there is no default judgment for him to attack the validity of.[29] His only basis for a hearing – and for relief from the judgment of conviction – is that whatever amount he may have owed in restitution was satisfied.

It appears that following the entry of the restitution order, LaPointe wrote the State Child Support Enforcement Office and asked to shut down her case and "erase" Berner's arrearages. It also appears that the State heeded to her request, wound up its case on Berner, and discontinued all enforcement action against him. The question though is whether these events served to "wipe out" Berner's restitution obligation and prohibited the Government from garnishing his wages. The short answer is "no."

Digressing for a moment, it is important to point out that a court cannot set aside or alter a judgment, after it is imposed, unless a statute provides otherwise.[30] Courts have a strong interest in maintaining the finality of judgments. "Once a court sentences

---

1194 (D.S.D. 2008); *United States v. Greenberg*, No. MISC. 1:06MC 55, 2006 WL 3791373 at *1 (D. Vt. Dec. 22, 2006).

[27]*See* 26 U.S.C. §6334(a) (1) – (8), (10) & (12).

[28]*See* 28 U.S.C. §3202(d)(1).

[29]*See id.* at §3202(d)(3).

[30]*See United States v. Freidel*, No. CR. 08-30120, 2014 WL 2968648 at *3 (D.S.D. July 1, 2014) (*citing United States v. Regan*, 503 F.2d 234, 236 (8th Cir. 1974), *cert. denied*, 420 U.S. 1006 (1975)).

7

a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule."[31]

The MVRA provides for certain circumstances under which a restitution order can be revisited.[32] None of these circumstances are present in this case.[33]

Berner's assertion – that LaPointe and the State Child Support Enforcement Office released and discharged him from all past due support and "satisfied" the restitution portion of his criminal judgment – is foreclosed by two recent Eighth Circuit cases.[34] In them, the Court collectively held that (1) "[o]nce the court enters a restitution order, the victim cannot waive or excuse the defendant's obligation to pay";[35] (2) the MVRA does not "provide authority to reduce the amount of a restitution obligation to match the value of a negotiated settlement with the victim in criminal proceedings";[36]

---

[31]*Freidel*, 2014 WL 2968648 at *3 (*quoting United States v. Jumping Eagle*, CR. 00-50006-01 KES, WL 587481 at *1 (D.S.D. Feb. 14, 2013)); *see also Carlisle v. United States*, 517 U.S. 416, 433 (1996) (trial court had no authority to grant defendant's motion for judgment of acquittal filed outside the prescribed time limit).

[32]*See* 18 U.S.C. §3664(o).

[33]*See United States v. May*, 500 Fed. Appx. 458, 460-61 & n.4 (6th Cir. 2012); *Freidel*, 2014 WL 2968648 at **3-4; *Jumping Eagle*, 2013 WL 587481 at *1; *Lawrence*, 538 F.Supp. 2d at 1194; *United States v. Duck*, No. 97-20040-01-JWL, 1999 WL 319077 at *1 (D. Kan. April 28, 1999).

[34]*See United States v. Whitbeck*, 869 F.3d 618, 620 (8th Cir. 2017); *United States v. Boal*, 534 F.3d 965, 967-68 (8th Cir. 2008).

[35]*Whitbeck*, 869 F.3d at 620.

[36]*Id.*; *see also United States v. Cupit*, 169 F.3d 536, 539 (8th Cir.) (refusing to reduce
(continued...)

and (3) allowing the defendant and victim to negotiate a settlement "violates public policy."[37] Other courts, including those in this District and elsewhere, have subscribed to this view in the same or similar contexts.[38]

Restitution orders under the MVRA are not intended merely to remedy the victim's loss. They also contain a punitive aspect that is criminal in nature. Like

---

the amount of restitution owed to defendant by the victim on entirely unrelated claims), *cert. denied*, 528 U.S. 860 (1999).

[37]*Boal*, 534 F.3d at 967-68.

[38]*See e.g. United States v. Hankins*, 858 F.3d 1273, 1277 (9th Cir. 2017) ("Neither the victim, nor the victim's assignee, has the authority to settle, release, satisfy, or otherwise modify a restitution judgment."), *cert. denied*, 138 S.Ct. 650 (2018); *United States v. Roper*, 462 F.3d 336, 338 (4th Cir. 2006) (court does not have the "authority to remit restitution orders that Congress has said must be mandatorily imposed"; concluding otherwise "would nullify the force and effect of the MVRA"); *May*, 500 Fed. Appx. at 462-64 (denying defendant's motion to deem restitution satisfied); *United States v. Maestrelli*, 156 Fed. Appx. 144, 146 (11th Cir. 2005) (restitution ordered following conviction was a criminal penalty, rather than a civil matter, and not subject to adjustment by private settlement agreement between defendant and victim's assignee); *Freidel*, 2014 WL 2968648 at *2 (restitution cannot be waived by the victim); *Johnson*, 2009 WL 816921 at *2 (in a criminal failure to pay child support case, the victim's so-called release of any future claim for restitution did not warrant an offset for the remaining restitution balance); *United States v. Hamburger*, 414 F.Supp.2d 219, 225-27 (E.D.N.Y. 2006) (victim's renunciation of right to receive restitution did not relieve defendant of his restitution obligation); *United States v. Duck*, 1999 WL 319077 at **1-2 (rejecting settlement proposal because there was no authority to order defendant to pay restitution in an amount less than the full amount of the victim's losses); *Christensen v. Christensen*, 2003 S.D. 137 ¶¶15-17; 672 N.W.2d 466, 471 (former wife's alleged agreement to forgive former husband's child support arrearage payments was not enforceable because it was not approved by the court); *Vander Woude v. Vander Woude*, 501 N.W.2d 361, 363-64 (S.D. 1993) (accord and satisfaction agreement forgiving child support arrearages is subject to statute (SDCL 25-7A-17) requiring that any agreement relieving a party of support obligations have court approval).

9

incarceration, restitution is a corrective option for the Government to enforce if, and to the extent, necessary. In a case in which it determined that state court criminal restitution obligations were not subject to discharge in bankruptcy, the Supreme Court observed as follows:

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does not resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution . . . . "Unlike an obligation which arises out of a contractual, statutory or common law duty, here the obligation is rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose.[39]

On this basis, a support obligor, such as Berner, should not be allowed to thwart the penal goals of the criminal justice system through a custodial parent's "satisfaction" of back child support – included as restitution in the criminal judgment – and a state agency's cessation of its enforcement case.[40] Doing so would amount to an impermissible "end run" on the judgment and permit the obligor to circumvent a court-ordered obligation.[41]

---

[39]*Kelly v. Robinson*, 479 U.S. 36, 52 (1986) (citation omitted).

[40]*See Whitbeck*, 869 F.3d at 620; *Hankins*, 858 F.3d at 1277; *May*, 500 Fed. Appx. at 462-64; *Boal*, 534 F.3d at 967-68; *Johnson*, 2009 WL 816921 at **1-3.

[41]*See Johnson*, 2009 WL 816921 at *3.

10

The MVRA provides that a restitution award may be enforced against "all property or rights to property of the person,"[42] except for property that falls within certain exemptions.[43] Property that is exempted includes such things as clothes and textbooks,[44] personal effects,[45] unemployment benefits,[46] specific annuity and pension payments,[47] and – relevant to this case – "[j]udgments for support of minor children."[48] The latter exemption, however, does not apply in a failure to pay legal child support case like this one where the Government seeks to enforce – by means of a continuing writ of garnishment – a debtor's past due support obligation that he agreed to and was ordered to pay as restitution in his criminal judgment. Berner does not claim otherwise or argue that the exemption shields his wages from the jaws of a MVRA/FDCPA garnishment.

Given the lack of any voluntary payments for years, a continuing wage garnishment – to collect Berner's criminal restitution – is fitting and called for. By

---

[42] 18 U.S.C. §3613(a), (f).

[43] *See* 26 U.S.C. §6334(a)(1) – (8), (10) & (12).

[44] *See id.* at §6334(a)(1).

[45] *See id.* at §6334(a)(2).

[46] *See id.* at §6334(a)(4).

[47] *See id.* at §6334(a)(6).

[48] *See id.* at §6334(a)(8).

11

statute, at least 75 percent of his net wages are exempt from garnishment.[49] The garnishment writ requires a withholding of 25 percent of Berner's disposable earnings or the amount by which his earnings for the week exceed 30 times the federal minimum hourly wage, whichever is less.[50] The Government is not attempting to take anything more from him than what the law allows.

## CONCLUSION

A hearing on Berner's objections and motion to quash the continuing writ of garnishment is unnecessary. There is no legal basis for such a hearing and no merit to his objections. The restitution amount still outstanding was neither satisfied nor waived and is fully collectible through garnishment proceedings or some other means provided for in the FDCPA. The garnishment writ issued, for his wages, is therefore valid and enforceable.

For these reasons, and based on the discussion and authority cited herein, it is hereby--

ORDERED:

1. Berner's request for a hearing[51] is denied.

---

[49] *See* 28 U.S.C. §§3002(9), 3205(a).

[50] *See* 15 U.S.C. §1673(a).

[51] Docket No. 69.

2. His objections to the continuing writ of garnishment[52] are overruled.

3. His motion to quash the garnishment writ[53] is denied.

4. The Government's motion to dismiss the request for hearing[54] is granted.

5. A separate order shall be entered directing the garnishee, Auction Exchange, Inc., as to the disposition of Berner's non-exempt interest in the wages disclosed in Auction Exchange's January 25, 2018 answer.[55] The Government shall submit a proposed disposition order for the Court's review and signature, if appropriate, that is consistent with this opinion and order.

DATED this 1st day of March, 2018, at Pierre, South Dakota.

BY THE COURT:

_/s/ Mark A. Moreno_

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

---

[52]*Id.*

[53]*Id.*

[54]*Id.* at 71.

[55]*See* 28 U.S.C. §3205(c)(7).